# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Jackie Lee R. Sr.,**
**Petitioner Below, Petitioner**

**FILED**

October 4, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 12-1302** (Ritchie County 12-P-13)

**David Ballard, Warden, Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jackie Lee R. Sr.,[1] appearing *pro se*, appeals the order of the Circuit Court of Ritchie County, entered October 4, 2012, that denied his petition for writ of habeas corpus without a hearing. Respondent Warden, by counsel Laura Young, filed a summary response. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted in 2008 on two counts of sexual abuse by a parent, guardian, custodian, or other person of trust, two counts of sexual abuse in the first degree, and one count of contributing to the delinquency or neglect of a child. Petitioner and the State entered into a plea agreement under which petitioner would plead guilty to one count of sexual abuse by a parent, guardian, custodian, or other person of trust and one count of sexual abuse in the first degree and the State would dismiss the remaining counts of the indictment.[2] The plea agreement was dated December 11, 2008, and was signed by petitioner, petitioner's attorney, and Steven A. Jones who

was the Prosecuting Attorney of Ritchie County. At the time, Judith McCullough was Assistant

---

[1] Because of sensitive facts, we protect the identities of those involved. *See State ex rel. West Virginia Dept. of Human Services v. Cheryl M.*, 177 W.Va. 688, 689 n.1, 356 S.E.2d 181, 182 n.1 (1987).

[2] The State also agreed that it would not file recidivist charges against petitioner based on his 1994 conviction for sexual abuse by a parent, guardian, custodian, or other person of trust.

Prosecuting Attorney of Ritchie County.[3]

At a plea hearing on December 11, 2008, petitioner testified that his attorney did everything petitioner requested the attorney to do in providing him with a defense and that he was satisfied with the attorney's representation. The circuit court inquired of petitioner as to why he thought he was guilty of sexual abuse by a parent, guardian, custodian, or other person of trust. Petitioner responded that he "touched a juvenile child in my care" and that the touching occurred "through [the child's] clothing in a sexual manner." When the circuit court asked if the touching was in the area of the child's penis, petitioner responded affirmatively. The circuit court inquired of petitioner as to why he thought he was guilty of sexual abuse in the first degree. Petitioner responded that "I allowed a child, fifteen years of age, to touch my penis to my pleasure." When prompted by the circuit court, petitioner confirmed that the child was of an insufficient age to consent to such an act. The circuit court adjudged petitioner guilty of one count of sexual abuse by a parent, guardian, custodian, or other person of trust and one count of sexual abuse in the first degree.

At a subsequent hearing, the circuit court sentenced petitioner to ten to twenty years in prison for sexual abuse by a parent, guardian, custodian, or other person of trust and to one to five years in prison for first degree sexual abuse, to be served consecutively. Petitioner's attorney moved to have the circuit court reconsider petitioner's sentence. The circuit court held a hearing on the motion and then denied the same by an order entered June 26, 2009. There was no direct appeal in petitioner's criminal case.

On December 10, 2009, petitioner filed his first petition for writ of habeas corpus in which petitioner raised two grounds of relief: (1) failure of counsel to file an appeal; and (2) petitioner was denied a complete copy of his records. On February 12, 2010, the circuit court denied the petition and found that petitioner freely pled guilty, gave a factual basis for his admission of guilt, and was well represented. The circuit court further found that "there is no indication from any . . . filing or statement [prior to petitioner's petition] that he was interested in appealing his [p]lea" and that "[petitioner] was sentenced on December 30, 2008[,] so filing an [a]ppeal at this time would clearly be outside the time restrictions set by the Court[.]" As to petitioner's second ground for relief, the circuit court held that the failure to obtain records is not a proper basis for habeas relief. In addition, the circuit court found that the petition contained only a plain recitation of facts, which did not entitle petitioner to a hearing.

On October 4, 2010, petitioner filed an original jurisdiction petition for writ of mandamus in this Court stating that he had not been provided with the records he requested as necessary to have a "meaningful habeas" and that counsel was not appointed, nor was an omnibus hearing held prior to the denial of his first habeas petition. This Court refused petitioner's petition on November 17, 2010.

Petitioner filed his second petition for writ of habeas corpus on February 24, 2011, making

---

[3] On appeal, petitioner challenges Ms. McCullough's authority to enter into plea negotiations on the State's behalf during December of 2008.

various claims that West Virginia Code § 61-8D-5, which provides for the offense of sexual abuse by a parent, guardian, custodian, or other person of trust, was unconstitutional. The circuit court denied the petition by an order entered June 24, 2011. The circuit court recognized that (1) petitioner was arguing that West Virginia Code § 61-8D-5 was unconstitutional for various reasons, (2) addressed the one argument it found meritorious, and (3) stated the others would not be discussed. Specifically, the circuit court concluded that West Virginia Code § 61-8D-5 was not void for vagueness, relying on *Kolender v. Lawson*, 461 U.S. 352 (1983). Petitioner appealed the circuit court's June 24, 2011, order. This Court affirmed the denial of habeas relief. *See [Jackie Lee R. Sr.] v. Ballard*, No. 11-1033 (W.Va. Supreme Court, July 3, 2012) (memorandum decision).

Petitioner filed his third petition for writ of habeas corpus on September 21, 2012, alleging the following grounds for relief: (1) counsel provided ineffective assistance during the pretrial and plea stages of his criminal case; (2) the indictment failed to set forth separate and distinct acts of criminal conduct which could be identified as to give adequate notice of what was being charged; (3) the State violated due process of law because it presented the investigating officer as the sole witness before the grand jury; and (4) counsel failed to file an appeal. The circuit court denied the petition by an order entered October 4, 2012. The circuit court found that the petition contained a mere recitation of grounds "without a sufficient factual foundation" and noted that it could be denied "without the necessity of an evidentiary hearing." Petitioner now appeals the circuit court's October 4, 2012, order.

We review the circuit court's order denying a habeas petition under the following standard:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines,* 219 W.Va. 417, 633 S.E.2d 771 (2006).[4]

On appeal, petitioner argues that his attorney was ineffective because he failed to file an appeal challenging petitioner's guilty pleas on the ground of double jeopardy. Petitioner contends that one cannot commit the offense of sexual abuse by a parent, guardian, custodian, or other person of trust without first committing sexual abuse in the first degree and, therefore, he is being punished twice for the same criminal act. Respondent counters that the Legislature has expressed a clear intent that the offense set forth in West Virginia Code § 61-8D-5 is a separate and distinct

---

[4] *See also* Syl. Pt. 1, *Perdue v. Coiner,* 156 W.Va. 467, 194 S.E.2d 657 (1973) ("A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief").

crime from the general sexual offenses set forth in W.Va. Code §§ 61–8B–1 to –18 for purposes of punishment. *See* Syl. Pt. 9, *State v. Gill*, 187 W.Va. 136, 416 S.E.2d 253 (1992). In *Gill*, this Court specifically stated that "separate sentences for both crimes were permissible in a trial involving the same acts." 187 W.Va. at 144, 416 S.E.2d at 261 (Footnote omitted.). Therefore, the substantive issue petitioner alleges his attorney should have raised in an appeal is completely devoid of merit. Accordingly, this Court concludes that the circuit court did not abuse its discretion in denying the petition.[5]

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**   October 4, 2013

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[5] This Court finds that other issues petitioner raised on appeal were not presented to the circuit court for a ruling; therefore, we decline to pass on them in the first instance. *See* Syl. Pt. 2, *Sands v. Security Trust Co.,* 143 W.Va. 522, 102 S.E.2d 733 (1958). Furthermore, even if the Court were to consider the issues, we note that the record plainly contradicts petitioner's claims that his plea colloquy did not provide the circuit court a sufficient factual basis on which to accept his guilty pleas and that Assistant Prosecuting Attorney McCullough did not have the authority to enter into plea negotiations on the State's behalf.